** PART II **
III.
UNFAIR PRACTICES, FRAUD AND DUTY OF GOOD FAITH AND FAIR DEALING
ANOTHER PART OF THE CODE IS WORTHY OF MENTION ALTHOUGH IT IS NOT DIRECTLY APPLICABLE TO YOUR QUESTION. SECTIONS 1201-1204 OF THE CODE DEAL WITH UNFAIR PRACTICES AND FRAUDS. ONE SUCH SECTION, FOUND AT 36 O.S. 1204, DEFINES UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES. SUBSECTION (1) PROHIBITS MISREPRESENTATIONS AS TO THE TERMS OF ANY ISSUED POLICY. PERHAPS MORE DIRECTLY ON POINT IS 1204(4) WHICH PROHIBITS "ENTERING INTO ANY AGREEMENT TO COMMIT, OR BY ANY CONCERTED ACTION COMMITTING, ANY ACT OF BOYCOTT, COERCION OR INTIMIDATION RESULTING IN OR TENDING TO RESULT IN UNREASONABLE RESTRAINT OF, OR MONOPOLY IN, THE BUSINESS OF INSURANCE." THE KEY WORDS HERE RELATE TO THE FACT THAT SUCH AN AGREEMENT OR CONCERTED ACTION MUST RESTRAIN TRADE IN THE BUSINESS OF INSURANCE.
THE PRACTICE WITH WHICH YOU ARE CONCERNED MAY ARGUABLY RESTRAIN TRADE BETWEEN GLASS VENDORS BUT IT CERTAINLY DOES NOT RESTRAIN TRADE BETWEEN INSURANCE COMPANIES. THERE SIMPLY IS NO CONSPIRACY OR SIMILAR AGREEMENT BETWEEN INSURANCE COMPANIES WHICH WOULD INVOKE THESE BOYCOTT OR COERCION PROHIBITIONS. AN INSURED WHO DOES NOT LIKE BEING DIRECTED TO A SPECIFIC REPAIR SHOP IS FREE TO CHANGE INSURERS. SUCH A PROHIBITION IS SIMPLY NOT INTENDED TO PROHIBIT THE QUESTIONED PRACTICE. SUCH A CONCLUSION IS SUPPORTED BY OKLAHOMA CASELAW. SEE, E.G., UTILITIES INS. CO. OF MISSOURI V. STATE INS. BD., 84 P.2D 619 (OKLA. 1938).
IN THE ARENA OF FEDERAL ANTITRUST LAW, IT SHOULD BE NOTED THAT UNDER PAUL V. VIRGINIA, 75 U.S. 168, 8 WALL. 168, 19 L. ED. 357 (1868), INSURANCE HAD HISTORICALLY BEEN TREATED AS EXEMPT FROM ANTITRUST AND OTHER FEDERAL REGULATION. HOWEVER, IN U.S. V. SOUTHEASTERN UNDERWRITERS ASSOCIATION,322 U.S. 533, 64 S. CT. 1162, 88 L. ED. 1440 (1944), THE SUPREME COURT OVERTURNED PAUL V. VIRGINIA AND EXTENDED FEDERAL ANTITRUST LAWS TO INCLUDE THE INSURANCE INDUSTRY. THE UNITED STATES CONGRESS RESPONDED IN 1945 BY PASSING THE MCCARRAN-FERGUSON ACT (15 U.S. 1011 ET SEQ.) EXEMPTING THE "BUSINESS OF INSURANCE" FROM ANTITRUST LAWS TO THE EXTENT INSURANCE WAS REGULATED BY THE VARIOUS STATES. IN ENACTING THE EXEMPTION, HOWEVER, CONGRESS NARROWED ITS APPLICATION BY PROVIDING THAT THE ANTITRUST LAWS WILL BE APPLICABLE TO AGREEMENTS WHICH "BOYCOTT, COERCE OR INTIMIDATE." SUCH AGREEMENTS INVOLVE SITUATIONS WHERE ALL SIGNIFICANT INSURERS IN THE MARKET COMBINE TO FORCE THE INSUREDS TO SUBMIT TO CERTAIN POLICY PROVISIONS. SEE, E.G., ST. PAUL FIRE AND MARINE INSURANCE CO. V. BARRY,438 U.S. 531, 98 S. CT. 2923, 57 L. ED. 2D 932 (1978). IN THE SITUATION YOU HAVE PRESENTED, THE INSURER IS NOT COMBINING WITH OTHER INSURERS. AS FAR AS I UNDERSTAND THE CURRENT SITUATION, ANY INSURED IN OKLAHOMA MAY GO ELSEWHERE AND OBTAIN VEHICLE INSURANCE COVERAGE FROM ANOTHER INSURER WHO DOES NOT SPECIFY CERTAIN REPAIR SHOPS FOR THE REPLACEMENT OR REPAIR OF DAMAGED AUTOMOBILE GLASS.
IT SHOULD BE ALSO BE NOTED THAT 1 OF THE SHERMAN ACT ALLOWS A BUSINESS TO RETAIN THE RIGHT TO UNILATERALLY ANNOUNCE THE TERMS ON WHICH IT WILL DEAL AND REFUSE TO DEAL WITH THOSE WHO WILL NOT COMPLY. REAZIN V. BLUE CROSS AND BLUE SHIELD OF KANSAS, 899 F.2D 951 (10TH CIR. 1990).
LASTLY, IT SHOULD BE NOTED THAT THE SUPREME COURT OF OKLAHOMA HAS IMPOSED THE DUTY OF GOOD FAITH AND FAIR DEALING TO INCLUDE VIRTUALLY ALL TYPES OF INSURANCE CONTRACTS AND CLAIMS ARISING THEREUNDER. SEE, E.G., ROACH V. ATLAS LIFE INS. CO., 769 P.2D 158 (OKLA. 1989). THE COURT HAS DEFINED BAD FAITH AS A SITUATION WHERE AN "INSURER UNREASONABLY, AND IN BAD FAITH, WITHHOLDS PAYMENT OF THE CLAIM OF ITS INSURED." CHRISTIAN V. AMERICAN HOME ASSUR. CO., 577 P.2D 899, 905 (OKLA. 1977). THE PRACTICE WITH WHICH YOU ARE CONCERNED SIMPLY DOES NOT FALL WITHIN SUCH A DEFINITION.
IV.
CONCLUSION
GIVEN THE STATUTORY LANGUAGE FOUND IN 36 O.S. 1257 AND A SENSIBLE CONSTRUCTION THEREOF, I WOULD BE HARD PRESSED TO FIND THAT AN INSURANCE COMPANY'S PRACTICE OF DESIGNATING AN EXCLUSIVE VENDOR OR REPAIR SHOP FOR THE REPAIR OR REPLACEMENT OF DAMAGED AUTOMOBILE GLASS OF ITS INSUREDS IS PROHIBITED BY THE OKLAHOMA INSURANCE CODE. QUITE THE CONTRARY, IT IS EXPRESSLY CONTEMPLATED IN 36 O.S. 1257(H) AND 36 O.S. 1257(D) AND, AS A RESULT, IS OBVIOUSLY NOT PROHIBITED, BUT RATHER, IS PERMITTED ON A REGULATED BASIS. WHETHER A PARTICULAR INSURER VIOLATED SUCH REGULATIONS WOULD BE A QUESTION OF FACT AND COULD NOT BE ANSWERED AS A MATTER OF LAW.
(WILLIAM D. LAFORTUNE)